# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:10cr00028-5 |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| PATRICIA LEIGH CUSTER,, ) | By: Hon. James G. Welsh |
| ) | U.S. Magistrate Judge |
| *Defendant* ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

The Grand Jury previously returned a multi-count Indictment charging in **Count One** that from on or about May 2009 to on or about June 30, 2010 this defendant knowingly and intentionally combined, conspired, confederated and agreed with other persons, known and unknown to the Grand Jury, to distribute five hundred (500) grams or more of a mixture and substance containing a detectible amount of methamphetamine, a Schedule II controlled substance, in violation 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of Title 21, United States Code, Section 846; and charging in **Count Four** that on or about June 30, 2010 this defendant, acting as a principle and as an aider and abettor, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of a mixture or substance containing

a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). In addition, the Indictment contains a **Notice of Forfeiture** apprising the defendant that certain of her property was subject to forfeiture upon conviction of any one or more of the offenses alleged against her.

The plea hearing was conducted before the undersigned on December 14, 2010. The defendant was at all times present in person and with her counsel, Gregory W. Bowman. The United States was represented by Jeb T. Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g), Federal Rules of Criminal Procedure.

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis in fact for each plea, and the defendant entered pleas of guilty to the felony offenses charged in Counts One and Four of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. She expressly acknowledged that she was obligated to testify truthfully in all respects under penalty of perjury and that she understood the government's right, in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: her full legal name is PATRICIA LEIGH CUSTER; she is forty-four (44) years of age, and she completed high school in Virginia. She represented that she can read, write and understand English without difficulty. She testified that she has no medical condition, either physical or mental, which might interfere with her ability to understand and to participate fully in the court proceeding; she stated that she was using no alcoholic beverage, medication or drugs which might impair her ability to understand and to participate fully in the proceeding; she testified that her mind was clear, and she acknowledged that she was in court for the purpose of entering pleas of guilty to two felony offenses which she could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter the proposed pleas of guilty.

The defendant acknowledged that she had received a copy of the Indictment and that she fully understood each of the charges against her. She stated that she had discussed the charges with her attorney and had been given enough time to do so. She stated that she understood the nature of each of the charges against her in the Indictment, and she specifically understood the offenses charged in Counts One and Four were felony offenses. *See* Rule 11(b)(1)(G). She testified that she had discussed any possible defenses with her attorney and that she had been given adequate time to prepare any defenses she might have to the charges. She stated that her decision to enter pleas of guilty to these two felony offenses had been made after consulting with her attorney and that she was fully satisfied with the services of her attorney.

The defendant confirmed that she fully recognized and understood her right to have the Rule 11 hearing conducted by a United States district judge, and she gave her verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

At the beginning of the hearing, counsel for the defendant informed the court that his client's proposed plea was being made pursuant to a written plea agreement. *See* Rule 11(c)(2). During the hearing, counsel for the government set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to the offenses charged in Counts One and Four of the Indictment [¶A.1.]; the defendant's express acknowledgment of the full range of punishment for the offense charged in Count One of the Indictment (including both the maximum and the mandatory minimum sentence) and the range of punishment for the offense charged in Count Four of the Indictment [¶A.1.]; the defendant's express understanding that she may be required to pay restitution and that her assets may be subject to forfeiture [¶¶A.1. and B.4.a.]; the defendant's express admission of her factual guilt to the two charged offenses [¶A.1.]; the defendant's obligation to pay a $100.00 special assessment per felony count [¶¶A.1. and B.4.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) [¶B.1.]; the defendant's express recognition that she would not be allowed to withdraw her guilty plea irrespective of the sentence imposed by the court [¶B.1.]; the parties' agreement that the 2010 edition of the Sentencing Guidelines Manual and guideline section 2D.1(c)(4) applied to the defendant's

conduct [¶B.2.]; the agreement's provision providing that to the extent that it was not inconsistent with the terms of the plea agreement each remains free to argue which guideline sections should or should not apply [¶B.2.]; the terms of the agreement's acceptance of responsibility provision [¶ B.3.]; the agreement's substantial assistance provision [¶ B.3.]; the defendant's monetary obligations, including the terms of her obligation to pay a mandatory assessment of $100.00 per felony count of conviction [¶ B.4..]; the defendant's comprehensive waiver of appeal rights [¶C.1.]; the defendant's express waiver of her right to make any collateral attack on any judgment or sentence imposed by the court [¶C.2.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶C.3.]; the terms of the defendant's additional obligations of cooperation and assistance [¶C.7.]; the defendant's acknowledgment that she had been effectively represented in this case [¶E.3.]; the parties express acknowledgment that the written plea agreement constituted a binding contractual understanding between the parties [¶E.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked whether her understanding of the terms of the agreement was the same, and she testified that her understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant, and he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement; and she affirmed it to be her signature on the document. She further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter pleas of guilty in this case and that no one had attempted in any way to force her to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After counsel for the government outlined the statutory minimum and maximum penalties for conviction of the offense charged in Count One, the defendant stated she understood that confinement in federal penitentiary for ten (10) years to be the minimum mandatory penalty for the offense charged in Count One and that the maximum possible penalty provided by law for conviction of the offense charged in Count One to be confinement for life, a $4,000,000.00 fine, and a term of supervised release[1]  After counsel for the government outlined the maximum statutory penalty for the offense charged in Count Four, the defendant stated she understood the maximum statutory penalties for the offense charged in Count Four  to be confinement in a federal penitentiary for a term of twenty (20) years, a $1,000,000.00 fine, and a term of supervised release. *See* Rule 11(b)(H)-(I). In addition, the defendant acknowledged that she understood that she would be required to pay a mandatory $100.00 special assessment per felony conviction count. *See* Rule 11(b)(1)(L).

---

[1] The defendant was informed, and she expressly acknowledged, that she could be sentenced to less than ten (10) years imprisonment only if the government makes a "substantial assistance" motion pursuant to 18 U.S.C. § 3553(e) on her behalf or in the event she qualified for the "safety valve" exception pursuant to 18 U.S.C. § 3553(f).

The defendant then acknowledged that she knew her pleas, if accepted, would result in her being adjudged guilty of two separate felony offenses and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. She also acknowledged that she understood the court may order her to make full restitution to any victim and would require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). She stated that she understood that the court will not be able to determine the recommended guideline sentence

for her case until after the pre-sentence report had been completed and she and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that she knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and she knew that irrespective of any sentence imposed by the court she would have no right to withdraw her guilty pleas. *See* Rule 11(c)(3)(B). She acknowledged that she knew parole had been abolished and that she would not be released on parole. She further acknowledged that she knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and she knew any violation of the terms or conditions of such supervised release could result in her being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ C.1.], the defendant expressly acknowledged that she understood that she was waiving all rights to appeal her conviction or any sentence which did not exceed the maximum penalty permitted by law. Likewise, pursuant to the terms of the plea agreement [¶ C.2.], she expressly acknowledged that she understood she was waiving all rights to challenge her conviction or her sentence in any post-conviction proceeding.

Each of her procedural rights surrendered on a plea of guilty was also explained: including, her right to plead not guilty to any offense charged against her and her right to persist in any such not guilty plea; her attendant right to a trial by an impartial jury; her right to counsel to assist in her defense; her presumption of innocence, the obligation of the government to prove

her guilt beyond a reasonable doubt, her right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against her; her right to decline to testify unless she voluntarily elected to do so in her own defense, her right to remain silent; her right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in her defense, and her right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that she understood her right to plead not guilty and the attendant trial rights that she would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that she was pleading guilty to the two offenses charged against her in Counts One and Four because she was in fact guilty of each of these offenses.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, the government submitted a written proffer which summarized the essential facts the government was prepared to prove at trial. The defendant and her counsel each represented that the statement had been fully reviewed and that it fairly and accurately summarized the government's case. *See* Rule 11(b)(3).

After testifying that she had heard and understood all parts of the proceeding and after consulting with her attorney, the defendant waived a reading of the indictment. She was then called-upon for her pleas, and she separately entered a plea of GUILTY to Count One alleging her violation of Title 21 United States Code, Section 846 and a plea of GUILTY to Count Four alleging her violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The clerk then read the

written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering her pleas of guilty and after an independent basis for each plea was established, the defendant was again addressed personally. She reconfirmed that her decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed her complete satisfaction with the services and assistance of her attorney.

The defendant was then informed that acceptance of her guilty pleas would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that she would be asked to give information for that report, that her attorney may be present if she wished, and that she and her attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then continued on her bond pursuant to the same terms and conditions pending preparation of a pre-sentence report and acceptance of her guilty pleas.

## GOVERNMENT'S EVIDENCE

The government's written statement setting forth the factual basis for the offense is incorporated herein by reference.

## FINDINGS OF FACT

Based on the evidence, the representations of counsel, and the defendant's sworn

testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas to the charges set forth in Counts One and Four of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of her guilty plea;

3. The defendant is fully aware both of the nature of the charge set forth in Count Four of the Indictment and of the consequences of her guilty plea;

4. The defendant is fully informed, and she understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

5. The defendant's pleas of guilty were made pursuant to a fully voluntary written plea agreement;

6. The defendant's entry into the plea agreement and her tender of pleas of guilty to Counts One and Four were made with the advice and assistance of counsel;

7. The defendant knowingly and voluntarily entered pleas of guilty to Counts One and Four of the Indictment;

8. The defendant's pleas of guilty did not result from force, threats, inducements or promises other than those promises contained in the written plea agreement;

9. The plea agreement complies with the requirements of Rule 11(c)(1); and

10. The evidence presents an independent basis in fact containing each essential element of the two offenses to which the defendant has entered pleas of guilty.

**RECOMMENDED DISPOSITION**

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to the offenses charged in Counts One and Four of the Indictment, that she be adjudged GUILTY of both said offenses, and that a sentencing hearing be set by the set for March 9, 2011 at 11:00 a.m. before the presiding district judge.

**NOTICE TO PARTIES**

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: this 29th day of December 2010.

                                            *s/ James G. Welsh*
                                        United States Magistrate Judge